**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2818-19

JASON CAMPBELL,

    Plaintiff-Appellant,

v.

KELLEY LAVERY, BRIAN KEANE,
RAMON LOPEZ, ANTHONY
MAUCERI, CHRISTOPH KIMKER,
STEVEN BRYLINSKI, THOMAS
LAIRD, JUSTIN GABRYS, J. ZAMMIT,
MORRIS COUNTY PROSECUTOR'S
OFFICE, and FREDERICK KUHRT,

    Defendants-Respondents,

and

BRIAN STANTON, EDWARD
ROCHFORD, MORRIS COUNTY'S
SHERIFF'S OFFICE, COUNTY OF
MORRIS, and ANTHONY RIZZULO,

    Defendants.

_____

Submitted March 3, 2021 – Decided May 25, 2021

Before Judges Fuentes and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3366-18.

Patti & Patti, LLC, attorneys for appellant (Jeffrey M. Patti, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondents Kelley Lavery, Brian Keane, Ramon Lopez, Anthony Mauceri, Christoph Kimker, Steven Brylinski, Thomas Laird, Justin Gabrys, J. Zammit, and Morris County Prosecutor's Office (Jane C. Schuster, Assistant Attorney General, of counsel, Brett J. Haroldson, Deputy Attorney General, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Frederick Kuhrt (Sookie Bae, Assistant Attorney General, of counsel; Timothy P. O'Brien, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, Jason Campbell, appeals from the January 31, 2020 order dismissing his complaint against defendants Kelley Lavery, Ramon Lopez, Anthony Mauceri, Christoph Kimker, Thomas Laird, Justin Gabrys, Steven Brylinski, J. Zammit, and Brian Keane (collectively the Morris County Prosecutor's Office (MCPO) defendants), and the September 17, 2019 order dismissing all claims against New Jersey State Trooper Frederick Kuhrt. Having reviewed the record, we affirm for the reasons stated by Judge Frank Covello in

his well-reasoned written decisions issued with the January 31, 2020 order and the September 17, 2019 order. We add our separate comments.

## I.

Before spring of 2011, plaintiff was an employee of the Morris County Sheriff's Office. The trial court record reveals a series of allegations, investigations, arrests, and charges against him. In June 2010, Morris County authorities investigated an abandoned house fire, which they suspected was arson. An individual named Anthony Rizzulo claimed to have set fire to a garage with plaintiff in 2008. Plaintiff was charged with both arsons on February 15, 2011. Defendant Kimker, a prosecutor's office detective, with the assistance of Lavery, an assistant prosecutor, prepared and signed the criminal complaint and an application for an arrest warrant. Shortly thereafter, plaintiff was suspended from the Morris County Sheriff's Office pending his criminal charges.[1]

---

[1] As Judge Covello explained, "there is a back story alleged by [p]laintiff, and accepted as true for purposes of the within motion, that gives some additional context for the alleged motivations of the parties. Plaintiff was hired by the Morris County Sheriff's Department in 2000. In 2006-07 [p]laintiff was appointed Post Advisor of the Morris County Sheriff's Explore[r]s Post 140. In 2010, while [d]efendant Rochford was Morris County Sheriff, [p]laintiff campaigned for [d]efendant Rochford's primary election opponent. Plaintiff alleges that he was removed from his post as [a]dvisor of the Morris County

On March 9, 2012, plaintiff was stopped in his vehicle by New Jersey State Trooper Frederick Kuhrt on Interstate 287 in Hanover. Plaintiff alleged the stop was pretextual and designed to hurt his reputation because Lavery instructed Kuhrt to follow him as part of an ongoing surveillance operation. Plaintiff also alleges Lavery instructed Kuhrt to do so because they believed he was still improperly using his law enforcement credentials. Kuhrt eventually did pull plaintiff over for tailgating and improperly drifting into the shoulder. After plaintiff produced his license, registration and insurance, Kuhrt allegedly goaded him to display his now-defunct badge, stating: "no, your other ID" and "commenced to cajole plaintiff to produce his spare sheriff's badge," which he eventually did.

Shortly after, MCPO detectives Mauceri, Laird, and Kimker all arrived in unmarked cars and plain clothes and arrested plaintiff, with Mauceri allegedly telling Kuhrt, "you did us a solid." The police report Kuhrt generated indicates that "[Lavery] asked if we could stop the vehicle and to see if [plaintiff] would present himself as a member of the Morris County Sheriff's Office."

---

Sheriff's Explorers in 2010, in retaliation for his support for the Sheriff's primary election challenger. Plaintiff alleges that the arson and March 9, 2012 motor vehicle stop were acts of retaliation by the Sheriff and other defendants."

4

Plaintiff was charged with official misconduct, and other charges not specified in the complaint, for showing his badge to avoid either criminal charges, traffic offenses, or both. MCPO Detective Lopez signed the complaint and presented it to a municipal court judge to authorize it for a complaint-warrant. The charges stemming from the traffic stop were dismissed on December 14, 2015, because the court found plaintiff was a victim of unlawful and unconstitutional entrapment. The State appealed that dismissal.

On April 18, 2016, plaintiff entered into a global plea agreement providing the arson indictment was to be dismissed. Plaintiff pled guilty to cruelty and neglect of children, in exchange, the State's dismissed its appeal of the trial court's decision to dismiss the charges related to the motor vehicle stop.

Plaintiff then filed the current suit against the MCPO defendants, alleging malicious prosecution, false arrest, excessive force, false imprisonment, civil conspiracy, and violations of substantive due process and equal protection under the New Jersey Constitution through the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2. On October 5, 2018, the MCPO defendants moved to dismiss plaintiff's claims under Rule 4:6-2(e). Kuhrt also moved to dismiss. In a May 31, 2019 order, the trial court granted the MCPO defendants' motion to dismiss but denied Kuhrt's.

Notably, the trial court dismissed the malicious prosecution claim because plaintiff could not show a "favorable outcome," as he accepted a global plea agreement for his charges, which does not lie on his innocence as an acquittal or voluntary dismissal would, but rather, a compromise from both sides of the dispute. The trial court did permit plaintiff to file an amended complaint, provided he do so by June 20, 2019. He did not file an amended complaint until July 22, 2019, and in the process voluntarily dismissed his claims against certain MCPO officials who are not part of this appeal.

The amended complaint alleged plaintiff had a right under the NJCRA to be "secure in his persons" against unreasonable searches, seizures, and arrests; to not be deprived of life, liberty, or property without due process; and last, to be protected against the alleged false and baseless arrest, detention, and malicious prosecution. Kuhrt moved to dismiss the amended complaint, and plaintiff cross-moved for summary judgment. This time, the trial court granted Kuhrt's motion, finding he was entitled to qualified immunity, and denied plaintiff's cross-motion on September 17, 2019.

On October 1, the MCPO defendants moved to dismiss the amended complaint, and plaintiff's cross-motion for leave to file a second amended complaint which focuses on the impropriety of the traffic stop, and the

6

subsequent dismissal of the indictment stemming from the stop, despite the fact that the MCPO withdrew its appeal as part of a plea agreement with plaintiff. On January 31, 2020, the trial court granted the MCPO defendants' motion to dismiss and denied plaintiff's cross-motion.

At this point, all of plaintiff's remaining claims centered on the impropriety of the traffic stop. The court rejected plaintiff's substantive due process and equal protection claims after determining the cause of action for any constitutional violations suffered during the traffic stop accrued at the time of the stop, on March 9, 2012. Thus, these claims were time-barred by the two-year statute of limitations governing NJCRA claims. This appeal followed.

Plaintiff raises several issues on appeal, alleging he pled sufficient facts to survive the motion to dismiss; the trial court improperly found his plea agreement did not amount to a favorable outcome; defendant Kuhrt should not have been granted qualified immunity because plaintiff's entrapment claim was not adjudicated; and if successful, plaintiff should be permitted to file a second amended complaint. Having reviewed the record, we conclude plaintiff's arguments lack merit.

II.

7

Judge Covello found that violations of an individual's Fourth Amendment right occur where there is an unreasonable search and seizure and claims under the NJCRA are subject to a two-year statute of limitation. Lapolla v. Cnty. of Union, 449 N.J. Super. 288, 298 (App. Div. 2017); N.J.S.A. 2A:14-2(a). Addressing when a Fourth Amendment violation accrues for purposes of the NJCRA, when the plaintiff alleges he was wrongfully searched and seized in the traffic stop that led to his wrongful incarceration, the court reasoned plaintiff's complaint against the defendants is not the detention he endured; it is the propriety of the March 9, 2012 traffic stop. To that end, all wrongs suffered are derived from the traffic stop. Therefore, this case turns on the accrual of the claim for an unreasonable search and seizure stemming from a seemingly pretextual traffic stop. It follows that a claim for an unreasonable search and seizure brought under the NJCRA accrues at the time the action occurred. The court outlined the progression of events:

- March 9, 2012: Plaintiff stopped and arrested

- December 14, 2015: Suppression hearing finds search and seizure unreasonable

- February 10, 2016: Notice of Appeal filed

- April 18, 2016: Global Plea Agreement

- July 25, 2016: Notice of Appeal Dismissal

A-2818-19

- July 20, 2018: Plaintiff files original complaint

The court thus held that the cause of action accrued on March 9, 2012. Plaintiff needed to file his complaint no later than March 9, 2014.

Judge Covello found Kuhrt is entitled to both qualified and sovereign immunity, based on the objective nature and basis of his conduct at the time of the stop. The trial court found it has long been settled that the subjective intent of a police officer is of no significance in evaluating his alleged violations of the Fourth Amendment so long as his acts are reasonable. State v. Bruzzese, 94 N.J. 210, 219 (1983). He found it indisputable that Kuhrt had probable cause to initiate the traffic stop because plaintiff failed to maintain his lane and tailgated another motorist. Thus, whether he was asked to pull the defendant over by entities investigating the plaintiff is of no import when Kuhrt possessed probable cause to initiate the stop. As such, in his individual capacity, Kuhrt committed no wrongdoing. Even if his actions were influenced by pretext, the traffic stop was certainly legal. And wrapping up this argument, we agree with Judge Covello that plaintiff's attempt to hold Kuhrt responsible in his official capacity is also futile under NJCRA based on Kuhrt's sovereign immunity.

Finally, plaintiff argues the trial court erred in dismissing his complaint, and he asserts he received a favorable outcome. Having reviewed the record,

A-2818-19

we again affirm here for the reasons stated by Judge Covello in his well-reasoned written decision issued with the January 31, 2020 and the September 17, 2019 orders.

As Judge Covello noted, dismissing plaintiff's amended complaint, to prevail in a claim for malicious prosecution in New Jersey, a plaintiff must prove "(1) that the criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." Helmy v. City of Jersey City, 178 N.J. 183, 190 (2003) (citing Lind v. Schmid, 67 N.J. 255, 262 (1975); JEM Mktg., LLC v. Cellular Telecomm. Indus. Ass'n, 308 N.J. Super. 160, 172 (App. Div. 1998)).

If the charge against a plaintiff is withdrawn, or the prosecution abandoned, pursuant to an agreement of compromise with the accused, "the termination is viewed as indecisive and insufficient to support the cause of action [for malicious prosecution]." Mondrow v. Selwyn, 172 N.J. Super. 379, 384 (App. Div. 1980) (citing Restatement (Second) of Torts § 658 (Am. Law Inst. 1977)). "Having compromised for his peace in the criminal proceeding, the accused may not later contend that the proceedings terminated in his favor." Id. at 384-85 (citing Restatement (Second) of Torts § 660 cmt. c (Am. Law Inst.

1977)).  Plaintiff's proposed amended complaint alleges that the charges against him were dismissed as part of a plea agreement.  A plea agreement that resulted in the dismissal of the misconduct charges and resulting in the withdrawal of the State's appeal on the arson charge cannot be considered a favorable termination for plaintiff.  Thus, he cannot satisfy all elements of a cause of action for malicious prosecution, and his claims for malicious prosecution must be dismissed.

We have considered plaintiff's contentions in light of the record and applicable law.  We are convinced plaintiff's substantive claims were fully and correctly addressed for the reasons given by Judge Covello and require no further discourse.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2818-19